IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JOSHUA LEE GRANT,

    Plaintiff,

v.                                              CIVIL ACTION NO. 3:18-CV-00482

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Joshua Grant filed this action seeking review of the Commissioner's Final Decision denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. *Compl.*, pp. 1–2, ECF No. 2. By standing order, this action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for Proposed Findings and Recommendations ("PF&R"). *Standing Order*, p. 2, ECF No. 4. In his PF&R issued on August 24, 2018, Magistrate Judge Aboulhosn recommends this Court grant judgment on the pleadings in favor of Plaintiff, reverse the Final Decision of the Commissioner, remand these matters for further proceedings, and dismiss this case. *PF&R*, pp. 1–2, ECF No. 18. Defendant Nancy Berryhill filed objections to the PF&R on September 6, 2018. *Def.'s Objs. to PF&R,* ECF No. 19.

As explained below, the Court **DENIES** Defendant's objections (ECF No. 19), **ADOPTS** Magistrate Judge Aboulhosn's PF&R (ECF No. 18), **DENIES** Defendant's Motion for Judgment on the Pleadings (ECF No. 16), **GRANTS** Plaintiff's Motion for Judgment on the Pleadings to the extent he requests remand (ECF No. 12), **REVERSES** the Commissioner's Final Decision, **REMANDS** this matter for further proceedings, and **DISMISSES** this case from the docket.

# I. BACKGROUND

Plaintiff protectively filed an application for Title XVI benefits on August 14, 2014, alleging disability beginning on January 1, 2014, due to "depressive order, asthma, and mild mental retardation." *Transcript,* p. 210, ECF Nos. 9-1–9-14. Plaintiff's claim was denied initially on December 5, 2014, and again on February 26, 2015. *Id.* at 112–16, 120–22. An administrative hearing reviewing these denials was held on March 15, 2017 with Administrative Law Judge ("ALJ") Melinda Wells. *Id.* at 70–89.

On March 30, 2017, the ALJ entered an unfavorable decision. *Id.* at 17–33. In her decision, the ALJ made specific findings of Plaintiff's Residual Functional Capacity ("RFC") and his ability to handle social interactions, stating he can "occasionally interact with supervisors and co-workers." *Transcript*, at 24. The ALJ also made findings as to Plaintiff's training requirements for new work, determining Plaintiff "requires hands on demonstration of tasks and repetition of instructions throughout the first *one to two days* on a new job." *Id.* (emphasis added). According to the Vocational Expert ("VE"), Anthony T. Michael, Jr., this type of training requirement was a basis for his testimony about the types of jobs available to Plaintiff. *Id.* at 86. When asked by Plaintiff's counsel, the VE testified that a situation where Plaintiff requires weekly training would raise his need to the level of "accommodated work or special supervision." *Id.* at 88.

On May 26, 2017, Plaintiff sought review by the Appeals Council of the ALJ's unfavorable decision. *Id.* at 269–70. On February 6, 2018, the Appeals Council denied Plaintiff's Request for Review, resulting in a final decision of the Commissioner. *Id.* at 1–7. Thereafter, Plaintiff filed the Complaint with this Court on March 26, 2018, objecting to the final decision of the Commissioner. *Compl.*, ¶ 6. Plaintiff then moved for Judgment on the Pleadings, arguing the ALJ failed to properly consider Plaintiff's intellectual impairment under Listing 12.05B at step three of the five-step

analysis.[1] *Pl.'s Mem. Supp. J. on Pleadings*, p. 7, ECF No. 15. As part of his argument, Plaintiff again raised the issue of the ALJ's finding that Plaintiff would only "require hands-on demonstration of tasks and repetition of instructions throughout the first one to two days on a new job[.]" *Id.* at 15. Plaintiff then points to the testimony of Dr. Corbett Alderman, who stated that Plaintiff would require "regular supervision and positive reinforcement." *Id.*

In his PF&R, Magistrate Judge Aboulhosn finds the ALJ appropriately considered Plaintiff's mental impairments at step three under Listing 12.11, rather than 12.05B.[2] *PF&R*, at 25–26. However, the magistrate judge subsequently examined the issue of Plaintiff's training requirements and finds the ALJ's decision on this matter was not supported by substantial evidence at step five. *Id.* at 29. Defendant filed her objections to the PF&R on September 6, 2018.

## II. STANDARD OF REVIEW

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U. S. C. § 636(b)(1). The scope of this Court's review of the Commissioner's decision, however, is narrow: this Court must uphold the Commissioner's factual findings "if they are supported by substantial

---

[1] *See* 20 C.F.R. § 404.1520. The Commissioner must address whether (1) the claimant is working at a substantial, gainful activity; (2) the claimant has a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities; (3) such impairment or combination of impairments meets or equals a listed impairment in the regulations; failing step three, that a RFC assessment shows (4) such impairment or combination of impairments prevents the claimant from doing past relevant work; and, (5) considering the claimant's RFC, age, education, and past work experience, such impairment or combination of impairments prevents the claimant from doing any other work. *Id.*; 20 C.F.R. § 416.920. For a claimant to be declared disabled, steps one and two must always be resolved favorably to the claimant. *See* 20 C.F.R. §§ 404.1520 and 416.920. If step three is resolved favorably to the claimant, the inquiry ends, and the claimant is declared disabled. *Id.* If step three is resolved unfavorably to the claimant, steps four and five must be resolved favorably to the claimant to find claimant disabled. *Id.*

[2] Plaintiff did not object to this finding, thus the Court does not review this determination and adopts it in whole.

evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is defined as "consist[ing] of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing the case for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Id.* If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted). The Court must also address whether the ALJ analyzed all relevant evidence and sufficiently explained the rationale in crediting or discrediting evidence. *Milburn Colliery Co. v. Hicks*, 138 F. 3d 524, 528 (4th Cir. 1998).

### III. DISCUSSION

Defendant objects to the PF&R, alleging Magistrate Judge Aboulhosn's findings err on procedural grounds and as a matter of law. *Def.'s Objs. to PF&R*, at 1, 4. Defendant clarifies this in two points. First, Defendant alleges Magistrate Judge Aboulhosn improperly raised an issue *sua sponte*, which should be deemed as waived, and denied Defendant proper notice to address the merits of this issue. *Id.* at 1. Second, Defendant alleges Magistrate Judge Aboulhosn improperly weighed evidence and overlooked the Commissioner's determinations when finding that the RFC was not supported by substantial evidence. *Id.* at 4. The Court addresses each objection in turn.

*A. Waiver and Notice*

In his Memorandum in Support of Judgment on the Pleadings, Plaintiff made one primary argument. He claimed the ALJ failed to evaluate Plaintiff's intellectual impairment under Listing 12.05B at step three. *Pl.'s Mem. Supp. J. on Pleadings*, at 1. Magistrate Judge Aboulhosn rejects this argument, but alternatively finds the RFC at step five was not supported by substantial

evidence to support the limitation that Plaintiff "requires hand on demonstration of tasks and repetition of instructions throughout the first *one or two* days on a new job[,]" and recommends remand. *PF&R*, at 29 (emphasis added). *PF&R*, at 29. Defendant contends that because Plaintiff did not specifically raise this issue before the magistrate judge, it is waived. *Def.'s Obj. to PF&R*, at 1. Furthermore, Defendant argues that by raising this issue *sua sponte*, Magistrate Judge Aboulhosn denied Defendant the required notice and opportunity to address the issue.

Generally, a claimant forfeits an argument not raised at some point in the administrative proceedings below. KUBITSCHEK & DUB, SOCIAL SECURITY DISABILITY: LAW & PROCEDURE IN FEDERAL COURT 892 (2017 ed.) ("Historically, reviewing courts have declined to hear arguments that the parties did not raise below" at the administrative level.); *see, e.g.*, *Sims v. Apfel*, 530 U.S. 103, 105 (2000) ("[A] claimant pursuing judicial review has [not] waived any issues that he did not include in [the] request [for review by the Appeals Council]."); *cf. Motin v Comm'r of Soc. Sec.*, No. 09-13354, 2010 WL 1754821 (E.D. Mich. 2010) (finding that an argument made to the Appeals Council but not to the ALJ or in the application for benefits was unpreserved).

While not a primary argument, Plaintiff raised the issue of his training requirements before the magistrate judge in his motion, as well as with the ALJ during his hearing. *Pl.'s Mem. Supp. J. on Pleadings*, at 15; *Transcript*, at 88. Specifically, the VE was asked how his assessment would change if an individual required repeated instruction beyond the first couple days of work. *Transcript*, at 88. The VE testified that repetitive instruction would cause a worker to fall into the range of "accommodated work." *Id.* This differs from the VE's original assessment of the potential jobs available, which presupposed an individual who only required initial instruction. *Id.* at 54.

Defendant argues waiver applies here and exclusively cites to caselaw that pertains to waiver of appellate review, not review by a district court. *Def.'s Obj. to PF&R*, at 3. As this issue

is still at the district level, the Court finds this unpersuasive. *See Youngworth v. U.S. Parole Comm'n*, 728 F. Supp. 384, n.3 (W.D.N.C. 1990) (holding a petitioner's assertion that the Government waived arguments by failing to raise them prior to filing objections to the magistrate judge's findings and recommendations "lacks merit"). Since this specific issue in determining Plaintiff's RFC was raised with the ALJ and in Plaintiff's Motion, it was not waived.

Defendant further argues that she has been deprived of notice of this issue, as well as the opportunity to argue the merits of Magistrate Judge Aboulhosn's findings in regard to the RFC at step five. *Def.'s Obj. to PF&R*, at 3. However, immediately following this objection, Defendant lays out her argument in favor of finding substantial evidence supports her decision. *Id.* at 4–7.

This Court has authority to grant summary judgment on any issue not raised by the parties, so long as parties have notice and a reasonable time to respond. FED. R. CIV. P. 56(f). As parties have submitted their arguments in response to the PF&R, they have had ample notice and ability to respond to this issue. The Court finds an argument to the contrary is without merit. As such, Defendant's first objection regarding waiver and notice is denied.

    *B. The RFC Assessment and Step Five*

Magistrate Judge Aboulhosn finds the RFC assessment with respect to Plaintiff's training requirements is not supported by substantial evidence and recommends remand. *PF&R*, at 29. Defendant objects to this on the merits, stating this finding requires an improper re-weighing of the evidence. *Def.'s Obj. to PF&R*, at 4.

The ALJ made a specific finding that Plaintiff requires hands on demonstration for the first one or two days. *Transcript*, at 24. This factor was determinative in the VE's finding, as regular instruction would result in a special accommodation. *Id.* at 88; *see also Walker v. Bowen*, 889 F.2d 47, 51 (4th Cir. 1989) (remanding an SSI case on the basis that the ALJ had not ensured the VE

knew what the claimant's abilities and limitations were). In Defendant's objections, she argues this finding is supported throughout the record. *Def.'s Obj. to PF&R*, at 5

Defendant claims the magistrate judge disregarded evidence that Plaintiff was independent in basic activities of daily living, attended regular education classes, and his teachers said he was "able to ask for assistance when necessary." *Id.* at 5. Defendant further states Plaintiff has demonstrated through prior work that he can handle jobs in the national economy and that boredom with work does not constitute inability to perform tasks. *Id.*

However, the Court finds this evidence goes only to Plaintiff's capacity for socialization, and not his ability to receive, follow, and remember instructions. Being able to ask for assistance in school does not speak to how much assistance is required in learning a new task; and performing basic functions of home life does not equate to following directions in a work environment. Furthermore, presenting evidence that Plaintiff was bored with his job at Goodwill only attests to his ability to socialize and engage, not his ability to comprehend instructions. Indeed, Plaintiff self-reported that his training at Goodwill lasted at least two weeks. *Transcript*, at 400.

Turning to the ALJ's final decision, the closest assessment analogous to his ability to comprehend training is a determination that Plaintiff has a moderate limitation in "understanding, remembering, or applying information." *Id.* at 23. However, the evidence used to support this assessment only points to personal care, the ability to count, and Plaintiff's interest in video games, but does not cite any direct evidence of Plaintiff's needs in regard to job skills training. *Id.* In fact, only later in the final decision does the ALJ cite to a single piece of evidence—contrary to her determination—that Plaintiff "had trouble following directions" at his jobs at Goodwill and McDonald's. *Id.* at 25. Defendant claims this was accounted for in the ALJ's finding that, because McDonald's work is "medium-skilled", Defendant accommodated his training requirements by

limiting him to simple, routine work. *Def.'s Obj. to PF&R*, at 7. Again, Defendant misses the mark on what skills the evidence speaks to. Failure of a task requiring a higher skill level does not guarantee success in a simpler assignment.

While there exists substantial evidence that Plaintiff can handle personal interactions in a social setting, the ALJ does not draw a line as to how this substantiates a claim that he does not require special accommodations in training. In fact, the evidence in the transcript displays the opposite, as he required extra assistance in school and that he was unable to follow directions at his jobs. While the Court will not make a finding as to the weight this evidence should be afforded, it is the duty of the ALJ to base a finding of the RFC on substantial evidence. Here there is no evidence offered to support a limitation of one to two days of training.

Under sentence four of 42 U.S.C. § 405(g), remand is appropriate when a reviewing court determines the findings of fact by the Commissioner or her designate (i.e. the ALJ) are not supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The Court finds Defendant has conflated Plaintiff's ability to handle social interactions with the amount of supervision and training he requires. When parsing out these issues to their appropriate categories, the Court finds no evidence offered in support of the ALJ's finding on the latter. As such, the Court denies Defendant's second objection and finds remand is appropriate. The Commissioner must substantiate her finding as to the Plaintiff's training requirements.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's objections (ECF No. 19), **ADOPTS** Magistrate Judge Aboulhosn's PF&R (ECF No. 18) insofar as it is consistent with this order, **DENIES** Defendant's Motion for Judgment on the Pleadings (ECF No. 16), **GRANTS** Plaintiff's Motion for Judgment on the Pleadings to the extent he requests remand (ECF No. 12),

**REVERSES** the Commissioner's Final Decision, **REMANDS** the matter for further proceedings, and **DISMISSES** this case from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record.

ENTER: March 22, 2019

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE